McFarland, J.,
'delivered the opinion of the court.
Application, for a writ of error.
It is argued that the court below erred in refusing to quash the indictment. It charges that the defendant broke and entered a certain mansion-house of the prosecutor, with intent and for the purpose, the goods and chattels of the prosecutor, then and there being, feloniously to steal, take and carry away. The particular goads, their quantity or value, intended to be stolen, are not stated in this connection, but in the same count it is further charged that the defendant did then and there, steal, take and carry away certain specified goods of the prosecutor. We hold this to be a goad indictment not only for the larceny hut *474 for the housebreaking. It was so held upon full consideration at Nashville, at the last term. [In the case of Stevenson v. State, 5 Bax., 681. See also Pardue v. State, 4 Bax., 10.]
2. It is-argued that the indictment should have been quashed as to the housebreaking, because the indictment does not -aver whether the breaking’ was by day or by night. It is true that in the Criminal Code -of 1829 [Shannon’s Code, secs. 6535, 6536], burglary and the breaking into a mansion-h'ouse by day, with intent to commit a felony, were made distinct offenses, with different punishments annexed; but by the act of 1865 [ch. 5, sec. 2, which was repealed by acts 1877, ch. 84], T. & S. Statutes, 4673 a, to feloniously break open the house of another with intent to commit a larceny or robbery, is made punishable- with death, giving to the jury, however, the power to- commute the punishment to imprisonment in the penitentiary from ten to -twenty-one years. Under this act it is immaterial whether the breaking be by day or night, and it would be unnecessary to charge how the fact was in the indictment. Under this act the indictment was good.
The judgment will be -affirmed.'